IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| NORRIS DION EVANS, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden WILLIAM DANFORTH, Deputy | : | |
| Warden TED PHILBIN, Deputy Warden | : | NO. 7:11-CV-109 (HL) |
| CALVIN ORR, Warden of Administration | : | |
| A. ALEXANDER, Administration | : | |
| Assistant GAIL KNOWLES, and VSP | : | |
| Cert Team Captain SHERMINE MAINE, | : | |
| | : | |
| Defendants. | : | |
| | : | **O R D E R** |

Plaintiff **NORRIS DION EVANS** filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 while he was incarcerated at Valdosta State Prison ("VSP"). This Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 8). He has since been released from prison.[1]

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

---

[1] Notwithstanding Plaintiff's release, he remains responsible for paying this Court's $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1); *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir.1997) (holding that a prisoner must pay the full filing fee for an action or appeal filed while incarcerated and that subsequent release does not obviate this obligation).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir.

2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. DISCUSSION*

Plaintiff's lawsuit arises out of two attacks by other inmates at VSP–on May 2 and June 1, 2011. Plaintiff states that he was "beaten into a seizure" in the first attack and stabbed six times in the second. He sues a number of VSP personnel and asks for both monetary damages and injunctive relief.

This Court directed Plaintiff to recast his complaint and then to supplement his recast complaint (Docs. 8 & 17). In each instance, the Court informed Plaintiff that he must state sufficient facts to link each Defendant to the attacks suffered by Plaintiff, such as how each Defendant knew of the risk to Plaintiff but disregarded that risk. The Court also informed Plaintiff that supervisory officials at VSP are not liable under section 1983 merely by virtue of their supervisory positions, and thus that Plaintiff must allege specific knowledge or conduct on the part of such officials.

Although Plaintiff has submitted recast and supplemental complaints (Docs. 11, 12 & 19), he continues to fail to allege facts specifically linking each of the Defendants to his injuries. He states in his recast complaint, for example, that Defendants Warden Danforth and Deputy Wardens Orr and Philbin "are legally responsible for the operation" of VSP, but alleges no facts regarding the actions, inactions, or knowledge of these Defendants. Instead, Plaintiff summarily alleges that "the administration" was aware of the May 2011 incident and failed properly to investigate it.

Plaintiff also states that he was initially placed in administrative segregation following the May 2011 attack, but that VSP "administration" subsequently moved him to a different side of the building in which he was previously housed, due to the need for additional bed space in the segregation area. In his supplemental complaint, Plaintiff merely attaches a number of grievances he filed at VSP *after* the June 2011 incident and states that he was hindered in his filing by insufficient access to a law library.

Plaintiff's request for injunctive relief has been mooted by his release from VSP.  ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986) (a prisoner's claim for injunctive relief is mooted by his transfer or release from the facility about which he complains).

As to Plaintiff's claim for damages, it is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976).  Prison administrators "are under an obligation to take reasonable measures to guarantee the safety of the inmates." ***Hudson v. Palmer***, 468 U.S. 517, 526-527 (1984).  Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. ***Wilson v. Seiter***, 501 U.S. 294, 303 (1991).

Not every instance of inmate-on-inmate violence, however, rises to the level of a constitutional violation.  ***Smith v. Regional Director of Florida Dept. of Corrections***, 368 F. App'x 9 at *13-14 (11th Cir. Feb. 10, 2010).  In order to constitute "deliberate indifference," the prison official must have subjective knowledge (i.e., actual knowledge) of the risk of serious harm to the plaintiff and nevertheless fail to reasonably respond to the risk.  ***Farmer v. Brennan***, 511 U.S. 825,

4

837-38 (1994). A prison official must know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1979. Only individual defendants who actually possess such knowledge can be liable for deliberate indifference. ***Bugge v. Roberts***, 430 F. App'x 753, 758 (11th Cir. 2011). As the Eleventh Circuit has stated,

> Although negligence can produce tragic results, it is not actionable as a violation of the Eighth Amendment: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."

***Jenkins v. DeKalb County, Georgia***, 307 F. App'x 390, 394 (11th Cir. Jan. 15, 2009) (***citing Farmer***, 511 U.S. at 838).

Moreover, the risk actually known by the individual defendant "must be a strong likelihood, rather than a mere possibility before [the defendant's] failure to act can constitute deliberate indifference." ***Brown v. Hughes***, 894 F.2d 1533, 1537 (11th Cir.1990) (citations and quotations omitted). The risk of harm must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." ***Chandler v. Crosby***, 379 F.3d 1278, 1289 (11th Cir. 2004).

The determination of whether a prison official acted with deliberate indifference must be made based upon the facts as known to him at the time of the incident. "We will not allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment." ***Purcell ex rel. Estate of Morgan v. Toombs County, Ga.***, 400 F.3d 1313, 1320 (11th Cir.2005).

The injuries Plaintiff suffered were indeed very unfortunate. Even construing his filings liberally in his favor, however, Plaintiff has not stated a colorable failure to protect claim against any of the named Defendants. Despite this Court's instructions, Plaintiff fails to allege that any of the Defendants knew of and disregarded a serious risk to him *before* either the May or the June 2011 attack. The grievances Plaintiff filed after the latter incident shed no light on any of the Defendant's knowledge prior to either event. Plaintiff's conclusory allegations regarding "the administration" are insufficient to state a claim for deliberate indifference on the part of any *specific individual* Defendant. Certainly Danforth, Orr, and Philbin are not liable merely because they are "legally responsible" for the operation of VSP: As this Court previously informed Plaintiff, supervisors cannot be held liable under section 1983 merely by virtue of their supervisory positions, but instead must actually participate in or have knowledge of the alleged wrongdoing. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986). Without more specific allegations, Plaintiff's statement that he was transferred out of administrative segregation following the May 2011 incident due to bed space needs suggests at most mere negligence, which does not constitute an Eighth Amendment violation. Again, Plaintiff does not link any of the individual defendants even to that conduct of "the administration."

### *III. CONCLUSION*

Based on the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiff may file a new lawsuit in which he alleges facts sufficient to state a failure

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

to protect claim against one or more VSP personnel under the above standards. If Plaintiff wishes to pursue such a lawsuit, he should allege only *facts* in his new complaint–such as the actions or inactions of *each individual* Defendant, as well as what that Defendant knew and when and how he or she knew it. Plaintiff need not (and should not) provide citations to cases or other materials from a law library. Plaintiff is advised that he must file such lawsuit before expiration of the two-year statute of limitations.

**SO ORDERED**, this 16th day of October, 2012.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr